UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X
WILLIAM HARVIN,

               Plaintiff,

  -against-

                              **COMPLAINT**

CITY OF NEW YORK,
DANIEL ROMAN,
KAMRUL ISLAM, and
JOHN DOES 1-4,

               Defendants.
------------------------------X

Plaintiff William Harvin, by his attorneys the Lumer Law Group, as and for his Complaint, hereby alleges as follows, upon information and belief:

## PARTIES, VENUE and JURISDICTION

1. At all times hereinafter mentioned, plaintiff William Harvin was an adult male resident of Kings County, within the State of New York.

2. At all relevant times hereinafter mentioned, defendant City of New York ("New York City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

3. At all relevant times hereinafter mentioned, defendant Daniel Roman, whose shield number is believed to be 1267, was employed by the City of New York as a member of the NYPD. Roman is sued herein in his individual capacity.

4. At all relevant times hereinafter mentioned, defendant Kamrul Islam,

whose shield number is believed to be 29410, was employed by the City of New York as a member of the NYPD. Islam is sued herein in his individual capacity.

5. At all relevant times hereinafter mentioned, defendants John Doe 1-4 were individuals employed by the City of New York as members of the NYPD whose identities are not presently known to plaintiff. The Doe defendants are sued herein in their individual capacity.

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

7. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Eastern District of New York, which is the district where the plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

8. A Notice of Claim was timely served by the plaintiff upon the defendant City of New York.

9. At least thirty days have passed since plaintiff's service of his Notice of Claim, and adjustment and payment thereof has been neglected or refused by the City of New York.

10. Plaintiff has complied with all obligations, requirements, and conditions precedent to commencing an action against New York City under New York law.

## RELEVANT FACTS

11. During the late afternoon or early evening hours of August 9, 2019, plaintiff was in his home 109 Marcus Garvey Boulevard in Brooklyn, New York, when he

was informed that his oldest son was in police custody outside.

12. Plaintiff went outside to a courtyard outside of his building where he observed his son and several other individuals being held in police custody.

13. Plaintiff further observed numerous police officers present in the area but does not know any of their names.

14. Plaintiff was filming the police at the location when one or more officers approached plaintiff and, without warning, seized him and violently took him to the ground.

15. The defendants' use of force against plaintiff was objectively unreasonable under the facts and circumstances known to the officers at the time, and there was no reasonable basis for the defendants to employ any force at all, much less the force that they chose to use.

16. In May 2019 the plaintiff had undergone surgery to his right shoulder for a work-related injury, including an acromioclavicular joint derangement.

17. As of the date of his August 2019 arrest, plaintiff was still suffering pain and other symptoms associated with the prior shoulder injury and surgery.

18. The defendants' use of force against plaintiff caused him to suffer a new or renewed injury to his right shoulder, including, but not limited to, a torn labrum, that required a second surgery and further physical therapy and treatment.

19. While plaintiff was in defendants' custody awaiting arraignment, the defendants completed, or caused to be completed, arrest paperwork in which Islam falsely

claimed that the defendants attempted to arrest plaintiff at about 8:30pm and that plaintiff resisted that arrest, broke a door hinge.

20. Each of these allegations was materially false as related to plaintiff, and defendants knew them to be materially false.

21. The defendants further claimed that the arrest was made pursuant to an I-Card.

22. Upon there was no such I-Card open.

23. While plaintiff was in defendants' custody, one or more of the defendants forwarded, or caused to be forwarded, the arrest paperwork, and possibly other documentation, containing these materially and fundamentally false allegations to the Kings County District Attorney's office ("KCDA").

24. The purpose of transmitting the documentation concerning plaintiff's arrest to the KCDA was to ensure that the KCDA would initiate plaintiff's criminal prosecution.

25. The KCDA then drafted two criminal complaint based upon the falsified factual allegations communicated by the defendants and executed by defendants Roman and Islam on August 10, 2019.

26. Plaintiff was then arraigned and criminally charged under a docket ending in 869 with, in part, assault, attempted assault, menacing, and harassment. That prosecuted was dismissed on January 7, 2020.

27. Plaintiff was also arraigned and criminally charged under a docket

ending in 870 with criminal mischief, resisting arrest, and obstruction of governmental authority ("OGA"). These charges were based entirely on the defendants' materially false statements to prosecutors.

28. At no time on August 9, 2019, did plaintiff resist his arrest or engage in any actions that could reasonably be construed as criminal mischief or OGA.

29. On January 7, 2020, the prosecution was resolved with an adjournment in contemplation of dismissal. The charges were formally dismissed and sealed on July 6, 2020.

30. The defendants made the false claims set forth in the criminal complaint docketed with a number ending in 870 to fabricate a justification for their use of force against plaintiff.

31. At no time did there exist any basis to utilize any level of force against the plaintiff, much less the force actually employed, nor could any of the defendants have reasonably believed that such force was necessary.

32. To the extent that any of the individual defendants did not participate personally in the assault on plaintiff, each such defendant was present prior to and during the assault and failed to intervene or otherwise attempt to protect plaintiff from the assault.

33. At no time did any of the defendants take any steps to intervene in, prevent, or otherwise limit the above mentioned misconduct.

34. All of the injuries suffered by plaintiff were proximately caused by the defendants' use of force against plaintiff.

35. At all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

### (§1983 Excessive Force Claims Against the Individual Defendants)

36. Plaintiff repeats the preceding allegations as though stated fully herein.

37. The individual defendants willfully and intentionally subjected plaintiff to physical force in excess of what was reasonable under the circumstances causing plaintiff to suffer serious physical injuries, and did so without a reasonable basis to believe that such conduct was appropriate, reasonable, lawful, or necessary.

38. To the extent that any one of the individual defendants did not personally engage in any of the aforementioned conduct, they witnessed this conduct as it occurred, was aware that it was occurring or would occur, had ample opportunity to intervene to prevent it from occurring or continuing to occur, and failed to do so.

39. By so doing, the individual defendants directly subjected the plaintiff to excessive force or failed to intervene in the use of excessive force against plaintiff, and aided and abetted in the violation of, plaintiff's rights under the Fourteenth Amendment of the United States Constitution.

40. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer various injuries, including physical injuries, physical pain, mental anguish related to his physical injuries, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

**(§1983 Fabricated Evidence Claim Against the Individual Defendants)**

41. Plaintiff repeats the preceding allegations as though stated fully herein.

42. The individual defendants willfully and intentionally subjected plaintiff to the denial of his right to a fair trial through the use of fabricated evidence by communicating materially false statements and/or materially misleading factual claims to prosecutors, and by doing so caused plaintiff to suffer a loss of liberty.

43. To the extent that any one of the individual defendants did not personally engage in any of the aforementioned conduct, they witnessed this conduct or otherwise knew and understood that such fabrications would be or had been communicated to prosecutors, had ample opportunity to intervene to prevent it from occurring or continuing to occur, and failed to do so.

44. By so doing, the individual defendants directly subjected the plaintiff to the denial of a fair trial through the use of fabricated evidence or failed to intervene in such misconduct, and aided and abetted in the violation of, plaintiff's rights under the Fourth, Sixth, and/or Fourteenth Amendments of the United States Constitution.

45. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer various injuries, mental anguish, the deprivation of his liberty, and the loss of his constitutional rights.

## THIRD CAUSE OF ACTION

### (State Law Claims Against All Defendants)

46. Plaintiff repeats the preceding allegations as though stated fully herein.

47. Plaintiff was subjected to excessive force, battery, and assault by the defendants when they intentionally, willfully, maliciously, and/or with reckless disregard used physical force against him during the course of his arrest.

48. At no time was there any objectively reasonable basis for the defendants to utilize the force that they chose to employ, nor was it reasonable for the officers to believe such force was justified, necessary, or otherwise permissible.

49. The City of New York, is vicariously liable to plaintiff for the acts of the individual defendants who were at all relevant times acting within the scope of their employment as subordinate officers and agents of the municipal defendant.

50. Therefore, the individual defendants and City of New York are liable to plaintiff under state law, for excessive force, battery, and assault under New York law.

51. By reason thereof, defendants have caused plaintiff to suffer various injuries, including past, present, and future physical injuries and pain and suffering, and mental anguish related to his physical injuries.

Case 1:21-cv-01392-KAM-RLM Document 1 Filed 03/16/21 Page 9 of 9 PageID #: 9

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

    i.    actual and punitive damages against the individual defendants in an amount to be determined at trial;

    ii.    actual damages in an amount to be determined at trial against the City of New York;

    iii.    statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of the action; and

    iv.    such other relief as the Court deems just and proper.

Dated:    New York, New York
             March 15, 2021

                                  LUMER LAW GROUP
                                  Attorneys for Plaintiff

                                  */s/ Michael Lumer*

                                  Michael Lumer, Esq.
                                  233 Broadway, Suite 900
                                  New York, New York 10279
                                  (212) 566-5060

9